————o————

## No. 5833.

## MICHAEL SCHNEIDER vs. TEXAS & PACIFIC RAILROAD COMPANY.

### Syllabus.

Questions of fact only are involved.

Appeal from the 28th Judicial District Court, Parish of Jefferson, Hon. P. E. Edrington, Judge.

John E. Fleury, for plaintiff and appellee.

L. H. Marrero, Jr., for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

The plaintiff appeals from a judgment rejecting his demand for damage to his horse and wagon in a collision with defendant's train, while aproaching or attempting to cross the latter's main track at a point where it is intersected by the roadway upon which plaintiff's conveyance was being driven.

It is shown that a view of the main track is obstructed and the crossing rendered dangerous by reason of the fact that a spur track or siding, a short distance from and parallel to the main track and intersecting the roadway, is constantly filled with freight cars which are being loaded with the product of the sawmill and planing mill into which the spur track leads and which it serves.

But it is likewise true that a spur track, so located and operated at this point, is necessary to a proper conduct of defendant's business; and furthermore that plaintiff constantly used the crossing and was fully aware of the danger at all times existing.

The testimony on behalf of plaintiff is to the effect that his driver stopped, looked and listened as he reached the main track; that no train could be seen owing to the freight cars on the spur track obstructing the view; that no warning bells or whistles were heard; and that the horse had then been driven partly across the main track when it was struck and injured by defendant's regular freight train going east.

The evidence of defendant, on the other hand, is that six blasts of the whistle were blown when the train, traveling at a rate of from four to six miles an hour, was at a distance of about 600 feet from the crossing; that the bell was being constantly rung; that the crew was maintaining a proper lookout; that no object was on the track when the train approached and crossed the intersecting

roadway; and that the engineer, when his attention, as well as that of the fireman, was first directed to the accident by the impact of the horse or wagon against the side of the tender in the rear of the engine, promptly applied the emergency brakes and brought the train to a halt within a distance of 30 feet.

It is also in evidence that a train of the Southern Pacific Railroad, the tracks of which are parallel to and distant about 100 feet from that of defendant, was passing at the time of the accident, that plaintiff's driver, just as he approached the crossing had pulled ahead of and passed another vehicle, driven by a colored man and traveling in the same direction; and that after the accident, the horse and wagon were found between the first car of the freight train and the first car on the spur to the east of the crossing and at a distance of seventy-five feet from the point where plaintiff claims the horse was struck, but within a few feet of the point where the horse or wagon is claimed by defendant to have come in contact with the tender.

The main conclusions of fact of the trial Court were as follows:

> "The Court concludes from the evidence that plaintiff, with the other occupants of the wagon, were engrossed with the passing trains of the Southern Pacific, at the same time trying to pull ahead of the wagon in front of them, and that with the noises of this passing train, the buzzing of the saws and the hummings of the pulleys of the sawmill and the hissing of the escaping steam, all tending to change the key of noises of nature, they drove headlong, heedlessly, carelessly, and negligently to cross the track.
>
> "The Court gathers from this that plaintiff and Bladsacker, the driver, did not stop, look and listen. The wagon was driven across the switch track, whilst

the Southern Pacific train was passing, and continued on its way across the main track of the Texas and Pacific; and when the horse got almost on the track, turned towards the east, ran along for a short distance, got jammed between the box cars on the switch and the locomotive of the moving train and was struck by the tank sill—the distance between the switch and the main track growing narrower as the tracks converged."

The circumstances recited stringently support these conclusions.

The failure of plaintiff's witnesses to hear the warning signals of defendant's train is accounted for by the concurrence of noises from the passing train and nearby mill. The position of the horse and wagon after the accident is corroborative of defendant's version of the catastrophe; and the circumstances in general indicate that plaintiff's driver, heedlessly and recklessly approached and attempted to cross an intersection which he well knew was at all times dangerous.

We are satisfied that the judgment is correct and it is accordingly affirmed.

Judgment affirmed.

Opinion and decree, February 19th, 1913.